EXHIBIT "B"

# EXHIBIT "B-1"

# EXHIBIT "B-1"

10/2/2017 6:25 PM
Chris Daniel District Clerk Harris County
Envelope No 19807956
By: Nelson Cuero
Filed: 10/2/2017 6:25 PM

2017-65288 / Court: 151

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS RAMOS-VILLALOBOS and | § | |
| PABLO RAMOS-VILLALOBOS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UZPRO TRANS LLC, and | § | |
| ROMAN NIKOLAEVICH STATSENKO | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff LUIS RAMOS-VILLALOBOS and PABLO RAMOS-VILLALOBOS (hereinafter collectively as "Plaintiffs"), complaining of UZPRO TRANS LLC ("Defendant UZPRO"), and ROMAN NIKOLAEVICH STATSENKO ("Defendant STATSENKO"), and for cause of action would respectfully show:

I.

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

II.

Plaintiff LUIS RAMOS-VILLALOBOS is a resident of Harris County, Texas. The last three numbers of Plaintiff's Texas driver's license are XXX, and the last three numbers of his social security number are XXX.

Plaintiff PABLO RAMOS-VILLALOBOS is a resident of Harris County, Texas. The last three numbers of Plaintiff's Texas driver's license are XXX, and the last three numbers of his social security number are XXX.

Plaintiffs' Original Petition and Requests for Disclosure
- 1 -

Defendant UZPRO TRANS LLC is a foreign corporation. As such, it is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on Defendant UZPRO, the Plaintiff pleads and will prove the following:

    a. Defendant UZPRO committed a tort in whole or in part in this state. As such, Defendant UZPRO was doing business in this state, as that term is defined and understood under §17.042 of the Texas Civil Practice and Remedies Code;

    b. At the time of the institution of this litigation, Defendant UZPRO was a foreign corporation, and as such, is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code; and

    c. At all times material hereto, Defendant UZPRO engaged in business in this state, but does not maintain a regular place of business in this state and has not designated or maintained a registered agent for service of process in this state.

Accordingly, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, the Secretary of State of the State of Texas is the agent for service of process on Defendant UZPRO and service on Defendant UZPRO may be obtained by serving the Secretary of State of the State of Texas at <u>1019 Brazos Street, Austin, Texas, 78701 in Travis County or wherever he may be found.</u>

Notice to Defendant UZPRO of service of process on the Secretary of State may be made, pursuant to §17.045 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process or notice by registered mail or certified mail, return receipt requested to the home office of the Defendant UZPRO at <u>1253 Bending Creek Drive, Antioch, TN 37013 or wherever it may be found</u>.

Defendant ROMAN NIKOLAEVICH STATSENKO is an individual who may be served with process at his place of residence, <u>3910 Floral Way Ct., Fresno, Texas 77545 or wherever he may be found</u>.

This incident occurred in Harris County, Texas.

III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

IV.

On or about February 17, 2016, Plaintiffs were traveling westbound on the 1500 block of Interstate Highway 10 in Baytown, Harris County, Texas. Suddenly and without warning, Defendant STATSENKO failed to control the speed of his vehicle and struck the rear end of Plaintiff's vehicle. Defendant STATSENKO received a citation for failure to control speed (citation no. 721449).

Based on information and belief, at all times material to this lawsuit, Defendant STATSENKO was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the Defendant UZPRO. As a result of the incident, Plaintiff sustained serious personal injuries.

V.

On the occasion in question, Defendant STATSENKO, violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

    (a)    in failing to maintain a proper lookout;
    (b)    in failing to apply or timely apply the brakes;
    (c)    in failing to yield the right of way;

(d) in failing to maintain an assured clear distance between Defendants' vehicle and Plaintiff's vehicle;
(e) in failing to avoid the collision;
(f) in failing to take proper evasive action;
(g) in failing to control the speed of Defendants' vehicle;
(h) in failing to drive in a reasonably attentive manner;
(i) in failing to maintain control of Defendants' vehicle; and
(j) in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

VI.

Defendant UZPRO and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant STATSENKO, so as to provide for safe operation of a truck such as the one involved in the occurrence in question;
(b) In hiring, employing, and/or retaining drivers, specifically including Defendant STATSENKO, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of truck such as the one involved in the occurrence in question;
(c) In failing to properly train and supervise drivers, specifically including Defendant STATSENKO, so as to provide for safe operation of truck such as the one involved in the occurrence in question; and
(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate trucks such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for the Defendant UZPRO, including but not limited to Defendant STATSENKO, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of

**Plaintiffs' Original Petition and Requests for Disclosure**
- 4 -

their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by the Defendant UZPRO. Thus, Defendant UZPRO is vicariously liable for the acts and/or omissions of Defendant STATSENKO under the doctrine of respondeat superior.

## VII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of the Defendants were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se

## VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which they are legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage earning capacity, past and future;
6. Property damage; and
7. Pre-judgment interest and costs of Court.

## IX.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request

X.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendant to Plaintiffs in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiffs have judgment of the Court against such Defendants in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE CRIM LAW FIRM, P.C.

/s/: *Wade D. Moriarty*

Wade D. Moriarty
Texas Bar No. 00789503
4900 Travis St.
Houston, Texas 77002
(713)-807-7800 Telephone
(713)-807-8434 Facsimile
Wade@TheCrimLawFirm.com

**DAX F. GARZA, P.C.**

/s/ 

Dax F. Garza
Texas Bar No. 24030514
3730 Kirby Drive, Suite 250
Houston, Texas 77098
(713) 522-3000
(713) 522-3001
dax@daxgarzalaw.com

**ATTORNEY FOR PLAINTIFFS
LUIS RAMOS-VILLALOBOS AND
PABLO RAMOS-VILLALOBOS**

# EXHIBIT "B-2"

CAUSE NO. 2017-65288

| | | |
|---|---|---|
| LUIS RAMOS-VILLALOBOS AND<br>PABLO RAMOS-VILLALOBOS<br>Plaintiffs | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| UZPRO TRANS LLC AND<br>ROMAN NIKOLAEVICH STATSENKO<br>Defendants | §<br>§<br>§ | 151ST JUDICIAL DISTRICT |

## DEFENDANT, UZPRO TRANS LLC'S, ORIGINAL ANSWER

COMES NOW, UZPRO TRANS LLC, Defendant, and files this answer to Plaintiffs' Petition and in that regard would respectfully show unto the Court as follows:

**I.**

Defendant generally denies the allegations of the petition and thus asserts the privilege of having such allegations proved by a preponderance of the evidence.

**II.**

Defendant hereby asserts its rights under the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

**III.**

Defendant invokes Sec. 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

IV.

Defendant invokes Sec. 41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiffs seek recovery of medical or healthcare expenses incurred that the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs. Defendant further requests the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of the Plaintiffs.

V.

Defendant would show that to the extent Plaintiffs suffered from pre-existing injuries, diseases and/or conditions at the time of the accident in question, these pre-existing injuries, diseases and/or conditions were not caused by or aggravated by the accident in question. To the extent any of Plaintiffs' pre-existing injuries, diseases and/or conditions were aggravated by the accident in question, any damages recoverable by Plaintiffs should be limited to those damages resulting from such aggravation. Defendant would further show that to the extent that Plaintiffs suffered injuries, diseases and/or conditions and/or aggravations of same subsequent to the accident in question then any damages related thereto should not be recoverable from Defendant.

VI.

By way of further Answer, Defendant hereby gives actual notice to each party Plaintiff, Intervenor and/or Defendants, if any, that any and all documents produced during discovery may be used against the party Plaintiff, Intervenor and/or Defendants, if any, and Defendant intends to produce the documents at any pre-trial proceeding and/or trial of this matter without the necessity of

authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, UZPRO TRANS LLC, prays that Plaintiffs take nothing, that Defendant be discharged and go hence with its costs without delay, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

_____
John F. Elwood
State Bar No. 06594600
5615 Kirby Dr., Suite 550
Houston, Texas 77005
Telephone: (713) 600-4700
Facsimile: (713) 600-0702
Email: elwood@rigbylaw.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all opposing counsel via fax, email, and/or by electronic transfer on this 3rd day of November, 2017.

_____
John F. Elwood